IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSHUA GONZALEZ,

                      Petitioner,                      OPINION AND ORDER

v.

                                                  18-cv-383-wmc

MATTHEW MARSKE, WARDEN,

                      Respondent.

---

Joshua Gonzalez, a federal prisoner incarcerated at the Federal Correctional Institution in Oxford, Wisconsin, seeks post-conviction relief under 28 U.S.C. § 2241. In particular, his petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, which applies to petitions not brought under § 2254. *See* Rule 1(b), Rules Governing Section 2254 cases. Under Rule 4, the court must dismiss the petition if it plainly appears that petitioner is not entitled to relief. Since Gonzalez's § 2241 is simply a rehash of a meritless motion to vacate that he brought earlier under 28 U.S.C. § 2255, the court must dismiss the petition.

BACKGROUND

In the Eastern District of Wisconsin, Gonzalez pleaded guilty to three counts of Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), and one count of brandishing a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). *United States v. Gonzalez*, No. 15-CR-51-2-JPS, dkt. #94 (E.D. Wis. Sept. 4, 2015). On

1

January 15, 2016, Judge J.P. Stadtmueller sentenced him a term of fifty-one months incarceration on the Hobbs Act robberies, and an 84-month sentence for the § 924(c) charge, to be served consecutive to the Hobbs Act term, since § 924(c) sets a mandatory minimum consecutive sentence if the defendant uses, carries or brandishes a firearm during a crime of violence as defined by § 924(c)(3). *Id.*, dkt. #160, at 2.

Gonzalez did not appeal his convictions or sentence. Instead, on May 7, 2018, Gonzalez challenged his sentence in a motion to vacate under 28 U.S.C. § 2255, arguing that his Hobbs Act robbery did not qualify as a "crime of violence" for purposes of § 924(c)(3) in light of the United States Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). Specifically, Gonzalez argued that the *Dimaya* court held the definition of "crime of violence" from 18 U.S.C. § 16(b) is unconstitutionally vague, removing his Hobbs Act robberies from that definition.

On May 11, 2018, the court denied his motion. *Gonzalez v. United States*, No. 18-cv-717, 2018 WL 2185026 (E.D. Wis. May 11, 2018). As Judge Stadtmueller explained, the *Dimaya* court deemed the definition of "crime of violence" in § 16(b) unconstitutionally vague, the Court did not invalidate § 16(a), known as the "elements" clause, which parrots the "elements" clause found in § 924(c)(A). He further noted the Court of Appeals for the Seventh Circuit's finding that a "Hobbs Act robbery **is** a 'crime of violence' within the meaning of § 923(c)(3)(A)" in *United States v. Anglin*, 846 F.3d 954, 965 (7th Cir. 2017), *vacated on other grounds*, *Anglin v. United States*, -- U.S. -- , 138 S. Ct. 126 (2017). *Id.* at **1-2 (emphasis added). Thus, the court concluded that Gonzalez's Hobbs Act robbery

2

conviction served "as a valid predicate for his Section 924(c) conviction by way of the elements clause of Section 924(c), not the residual clause." *Id.* at *2. Gonzales did not appeal the outcome of his § 2255 motion; instead, on May 18, 2018 -- a week after losing his § 2255 petition -- Gonzalez filed his § 2241 petition in this court, simply repeating his losing *Dimaya* argument.

OPINION

A federal prisoner challenging his federal conviction or sentence must do so on direct appeal by filing a motion under 28 U.S.C. § 2255 in the district where he was convicted. *Unthank v. Jett*, 549 F.3d 534, 534-35 (7th Cir. 2008); *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). If a prisoner has already filed a § 2255 motion, he can pursue relief under § 2241 only if he can satisfy the mandates of 2255's so-called "savings clause," 28 U.S.C. § 2255(e).

The savings clause requires a prisoner filing a habeas corpus petition under § 2241 to show by motion that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Kramer*, 347 F.3d at 217; *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002). More specifically, a prisoner seeking relief under the savings clause must show three things: (1) he is relying on a new case involving statutory-interpretation, rather than a new constitutional interpretation; (2) he is relying on a retroactive decision that he could not have invoked in his first § 2255 motion; and (3) the sentence enhancement must have been a grave enough error to be deemed a miscarriage of justice

3

corrigible therefore in a habeas corpus proceeding. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citations omitted) (internal quotation marks omitted); *see also Light v. Caraway*, 761 F.3d 809, 812-13 (7th Cir. 2014); *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012); *United States v. Prevatte*, 300 F.3d 792, 799-800 (7th Cir. 2002); *In re Davenport*, 147 F.3d 605, 610-11 (7th Cir. 1998).

Gonzalez's *Dimaya* argument plainly fails at the first and third elements. Indeed, since he relied on *Dimaya* in his § 2255 motion, he is not relying on a new case at all, and Judge Stadtmueller's opinion succinctly explains why the 84-month consecutive sentence did not constitute an error, much less a miscarriage of justice. Accordingly, Gonzalez's petition will be denied without further discussion.

Under Rule 11 of the Rules Governing Section 2254 Cases (which can be applied to cases under § 2241 as well), the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. The question is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Since reasonable jurists would not disagree that Gonzalez's claim must fail, the court will not issue petitioner a certificate of appealability.

4

ORDER

IT IS ORDERED that:

(1) Petitioner Joshua Gonzalez's application under 28 U.S.C. § 2241 is DENIED.

(2) A certificate of appealability will not issue.

Entered this 5th day of October, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge